STATE v. WOODARD.

1. MISJOINDER OF OFFENCES.—Several distinct offences may be included in separate counts of the same indictment. If they grow out of the same transaction, the jury should be instructed to make their verdict conform to their findings on the several counts. If the offences have no connection, the trial judge should require the solicitor to elect.

2. IBID.—There being in this case a count for burglary, a second count for larceny (not alleged to be of the goods intended to be taken as charged in the first count), and a third count for receiving the goods alleged in the second count to have been stolen, there was no misjoinder of offences. And the charge of burglary not being tried, and the jury properly instructed as to their verdict on the other two counts, the defendants cannot complain.

3. CRIMINAL LAW—MISJOINDER OF DEFENDANTS.—Charging A, B, and C with burglary in one count, A, B, and C with larceny in a second count, and C with knowingly receiving from said A and B the goods so alleged to have been stolen, is not a misjoinder of persons.

Before WALLACE, J., Chesterfield, May, 1892.

The opinion states the case.

*Mr. E. J. Kennedy,* for appellant.

*Mr. Johnson,* solicitor, contra.

February 23, 1893. The opinion of the court was delivered by

MR. JUSTICE POPE. The jury having found Sandy Woodard, *alias* J. A. Woodard, guilty of grand larceny, and Wirt M. Wadell guilty of receiving goods that were stolen by J. A. Woodard, knowing them to have been so stolen, his honor, Judge Wallace, as presiding judge, sentenced the former to hard labor in the penitentiary for three years, and the latter to two years hard labor in the penitentiary. The defendants now appeal from the judgment upon the following grounds: "1. Because his honor erred in not sustaining the motion of the defendants to quash the indictment on the grounds taken before him. 2. Because his honor erred in holding that there was no misjoinder of offences in this indictment. 3. Because his honor erred in holding that there was no misjoinder of defendants in this indictment. 4. Because his honor erred in holding that the several offences charged in this indictment were properly joined. 5. Because his honor erred in holding that Sandy Woodard, Frank Sellers and Wirt M. Wadell, who were charged in the first and second counts with housebreaking and grand larceny, were properly joined with Frank Sellers and Wirt M. Waddell, who were charged in a third count with buying and receiving stolen goods from Sandy Woodard, well knowing them to be stolen." These five grounds of appeal resolve themselves into one, or at most into two questions—a misjoinder of offences in the indictment, and a misjoinder of persons in the same instrument.

From the "Case" it appears that on the 24th January, 1892,

the house of Peter L. McIntyre was broken into and robbed of a quanity of specific personal property, including $105 of gold and silver coin and bank bills. The first count of the indictment alleges burglary with intent to commit a larceny. The second count alleges that the defendants, and one Frank Sellers, did commit a grand larceny from the dwelling house of Peter L. McIntyre. The third count alleges that the defendants, Frank Sellers and Wirt M. Wadell, bought and received the same articles of personal property set out in the second count from one Sandy Woodard, knowing that such property was stolen property. At the trial the solicitor entered a *nolle prosequi* as to Frank Sellers. No verdict was rendered as to the first count for burglary. The brief or "Case" fails to contain the judge's charge, and we will assume, therefore, that such charge was unexceptionable.

The first count being for burglary, and the second count for grand larceny, are both for felonies, and the third count sets out a misdemeanor. Sec. 2526a of General Statutes.

1   Therefore, there is here a union by separate counts in the same indictment of three separate offences. While the date of each offence is the same, and the owner of the property injured the same, yet, by the "Case" itself, it does not follow that the offences all grow out of the same subject matter. The first count does not specify what particular property the burglarious entering the dwelling house of Peter L. McIntyre was intended to steal.

This is no new question in our courts. In *State* v. *Nelson*, 14 Rich., 172, Mr. Justice Inglis, as the organ of the court, said: "If really distinct felonies be charged in separate counts of an indictment, no objection, in point of law, can be made." So, also, in *State* v. *Scott*, 15 S. C., 435, Mr. Justice McIver, in referring to this matter, said: "The rule upon this subject seems to be, that there is no valid objection to the joinder of several distinct felonies in the same indictment, and that such joinder constitutes no ground for demurrer or motion in arrest of judgment." The same conclusion was reached in the case of *State* v. *Norton*, 28 S. C., 576. The effect of a union in the same indictment of several counts for distinct offences is different,

where such distinct offences grow out of the same transaction, and when such offences had no connection the one with the other. In the first class, our courts have held that it was the duty of the judge on Circuit to instruct the jury as to the effect of a general verdict of guilty, which is understood to carry the highest offence alleged, if there is testimony to support it, so that the jury may shape their verdict so as to conform to their real convictions by finding upon each count separately. *State* v. *Scott*, 15 S. C., 435; *State* v. *Nelson*, 14 Rich., 172. In the second class of cases, it is the duty of the presiding judge, without waiting for a motion to that end from the defendant, to order the prosecuting officer to elect upon what charge he will confine the trial. *State* v. *Scott, supra; State* v. *Nelson, supra.*

Now, if we apply this law to the "Case" at bar, it will be manifest that the motion of defendants to quash the indictment, because different offences appeared by separate counts for each of such offences, could not be granted, and it is equally clear that the requirements of the law were met, as to the election by the prosecuting officer of what separate offence he would try, for the distinct and separate offence of burglary was not tried, but only the two offences that grew out of the same transaction, to wit: the larceny of certain enumerated articles of the personal property of Peter L. McIntyre. And as the two offences of larceny, and the buying and receiving stolen property, knowing that it had been stolen, were combined in the same indictment, the judge must have instructed the jury very carefully as to their duty to be careful in having their verdict to conform, under the proof, to the separate offences set out in the second and third counts, for their verdict found one defendant guilty of the *second* count, and the other defendant guilty of the *third* count. Hence we are unable to see that there was any error in the matter of the joinder of offences in the same indictment.

It remains for us to consider the misjoinder of persons, as alleged by the appellant. Here, again, we are unable to agree with the appellant. In the first count, for burglary, all three defendants were included. In the second count, for grand larceny, all three defendants were included.

In the third count, for receiving stolen goods, it was alleged that two received from the third of such defendants. We are unable to see any good reason why this practice should be condemned. Indeed, we commend it, if the verdict is drawn so as to secure to each defendant his right to know of what offence he stands convicted. *State* v. *Priester*, Cheves, 105. It follows, therefore, that there was no error.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.