15922

## CITY OF GREENVILLE v. CHAPMAN

(41 S. E. (2d) 865)

*Messrs. J. G. Leatherwood* and *W. E. Bowen,* of 'Green-ville, for Appellant, cite:

*Mr. A. C. Mann,* Greenville City Attorney, of Greenville, for Respondent, cites:

March 7, 1947.

FISHBURNE, AJ.: The defendant was tried before the city recorder on twenty-three counts, for adulteration of milk in violation of Sections 198 and 225 of the ordinances

of the city of Greenville. The warrant charged the offenses as having been committed on different dates between February 10, 1944 and September 20, 1945. Five of the counts were abandoned, and the jury returned a general verdict of guilty on eighteen counts. Following his conviction, the defendant was sentenced by the recorder to pay a fine of $50.00 or serve thirty days imprisonment in each case.

Before the trial was entered upon, counsel for the defendant moved to require the city to elect upon which one of the various charges or counts set out in the warrant it would rely for a conviction. The motion was overruled, the recorder holding that the city was not required to make an election, but that the cases could be tried together. Upon appeal to the circuit court the judgment of conviction was affirmed.

The sole question presented by this appeal arises out of the ruling of the city recorder, that is, should the recorder have required the city to elect on which of the several charges it would proceed to trial.

Appellant contends that more than one offense can properly be set forth in an indictment or warrant, but that if they do not grow out of the same transaction, then the proper procedure is to require the prosecuting officer to make an election. It is argued that in the case at bar each offense constituted a separate transaction, hence the action of the recorder denying defendant's motion constituted reversible error.

We have held in many cases that a motion to elect is addressed to the sound discretion of the court. *State v. Roundtree*, 80 S. C. 387, 61 S. E. 1072, 22 L. R. A. (N. S.) 833; *State v. Bouknight*, 55 S. C. 353, 33 S. E. 451, 74 Am. St. Rep. 751; *State v. Sheppard*, 54 S. C. 178, 32 S. E. 146.

There are other cases in this jurisdiction dealing with a joinder in one indictment or warrant of related felonies and misdemeanors, and with reference

to the joinder of separate counts charging offenses under the common law and under the statute. *State v. Lee,* 203 S. C. 536, 28 S. E. (2d) 402, 149 A. L. R. 1300; *State v. Williams,* 202 S. C. 408, 25 S. E. (2d) 288; *State v. Woodard,* 38 S. C. 353, 17 S. E. 135; *State v. Scott,* 15 S. C. 434. These cases hold that where offenses are of the same character and spring from the same transaction they may be joined in one indictment, although they involve felonies and misdemeanors, and although one may be a common law offense, and the other a statutory offense.

Appellant seems to rely most strongly, however, upon the case of *State v. Lee,* 147 S. C. 480, 145 S. E. 285. This case involved two separate counts charging larceny and receiving stolen goods. The court held that no election was required, and stated:

"The rule in this state is that distinct offenses—felonies or misdemeanors—may be charged in separate counts of the same indictment, whether growing out of the same transaction or not. If the several offenses charged do not grow out of the same transaction, then the proper practice is to require the prosecuting officer to elect upon which count he will proceed; but, when several offenses charged grow out of the same transaction, then the prosecuting officer is not required to elect, and the court instructs the jury to pass upon the several counts separately, and write their verdict accordingly."

But in our opinion, none of these decisions quite reach the point presented here. Broadly stated, that point is whether several distinct offenses classified as misdemeanors may be joined in the same indictment or warrant in separate counts and tried at one time, where all of the offenses charged are of the same general nature, growing out of a series of transactions or connected transactions, are committed by the same offender although on different dates, and require the same or similar proof and punishment. Concretely, it is whether a defendant over his protest may be

tried before the same jury upon a warrant containing twenty-three separate counts charging adulteration of milk in violation of a city ordinance, delivered at different times to the same customer, under contract.

The record shows that appellant, a wholesale milk producer, on February 1, 1944, commenced the delivery of 400 gallons of milk per day under his contract with Pet Dairies, to its plant in the city of Greenville. Deliveries were made in ten-gallon cans, transported by appellant's truck to Pet Dairies, where it was bottled and sold to the latter's retail customers in and about the city.

All of the offenses charged in the warrant were identical in character, each directly related to the adulteration of milk by the addition of water, and the sale thereof on the dates mentioned in the warrant, and these charges were supported by evidence given by the same witnesses.

The circuit court held that "while the various counts cannot be deemed as arising out of the same transaction in the narrow sense of that phrase, they do arise out of a series of identical transactions, their respective dates constituting the only difference between them". And we agree with this reasoning.

Perhaps the inflexible application of the rule stated in *State v. Lee,* 147 S. C. 480, 145 S. E. 285, might include this case, but we do not think, under the circumstances shown here, that the phrase "the same transaction" should be given such a restricted meaning as is contended for by appellant, where the warrant was founded upon what was in substance a single criminal course of conduct.

No sound reason can be advanced why different misdemeanors charged in one warrant, arising out of a single chain of circumstances, should not be tried together, where they are proved by the same evidence and are all of the same general nature. Where it does not appear that any real right of the defendant has been jeopardized, it

162

would be a refinement not demanded by the law or by justice to require in all instances a separate trial.

We think the interest of the public and the right of the defendant will be better subserved in general by permitting as matter of law a single trial under such conditions, leaving it to the sound discretion of the trial court to order separate trials when the rights of either the commonwealth or of the defendant appear to require it.

Circumstances might arise which would render a uniting of several counts unjust to the defendant. As the old cases put it, "By the multiplication of distinct charges, the prisoner may be confounded in his defense, or prejudiced in his challenges, or the attention of the jury may be distracted". But the record does not disclose that appellant was prejudiced in any of these respects. *State v. Nelson,* 14 Rich. 169 (48 S. C. L. 169) 94 Am. Dec. 130. Whenever such a situation arises, the trial court will protect the defendant's right to a fair trial by requiring an election.

There is nothing in the case at bar to indicate that the discretion of the court was not wisely exercised.

The following quotation from 1 Archbold's Cr. Pr. & Pl. 295-298 in *State v. Roundtree,* 80 S. C. 387, 61 S. E. 1072, is in point:

"If different felonies or misdemeanors be stated in several counts of an indictment, no objection can be made to the indictment on that account in point of law. In cases of felony, indeed, the judge, in his discretion, may require the counsel for the prosecution to select one of the felonies, and confine himself to that. That is what is technically termed putting the prosecutor to his election. *But this practice has never been extended to misdemeanors.* * * *" (Italics ours.)

The conclusion we have reached is sustained by several cases from other jurisdictions: In the Nebraska case of *Little v. State,* 51 L. R. A. 717, it was said:

"The information contained sixteen counts, each charging a misdemeanor in violating the statute in question. It is claimed the court erred in not requiring the county attorney to elect upon which count he would proceed. The ruling was proper, as the offenses charged were of a similar kind."

In *State of Kansas v. Nossaman,* 117 Kan. 715, 193 Pac. 347, 20 A. L. R. 921, the indictment contained thirteen counts, twelve of which charged separate unlawful sales of cigarettes and cigarette papers; and the thirteenth count charged unlawful possession thereof, in violation of a statute. The jury found the defendant guilty of separate sales under seven of the counts and also guilty under the thirteenth count for unlawful possession. The court held:

"There is nothing substantial in the objection that the court refused to require the county attorney to elect upon which sales he would rely for a conviction. The information charged specific sales to particular persons, and there was nothing in the evidence to hamper or mislead the defendant, or to make an election necessary."

See also substantially to the same effect, *Butler v. State,* 18 Ga. App. 201, 89 S. E. 178, *Andrews v. Com.,* 135 Va. 451, 115 S. E. 558, 27 Am. Jur., Sec. 133, Page 691; 42 C. J. S., Sec. 183, Page 1144.

Judgment affirmed.

BAKER, CJ.; and STUKES, TAYLOR and OXNER, JJ., concur.