0537

The STATE, Respondent, v. Larry Eugene TATE, Appellant.
(334 S. E. (2d) 289)

Court of Appeals

*Joy S. Goodwin* of *Levy & Goodwin,* and *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. Amie L. Clifford,* Columbia, *Sol. Wade S. Kolb, Jr.,* and *Asst. Solicitor Martha McElveen Horne,* Sumter, *for respondent.*

Heard June 20, 1985.

Decided Aug. 19, 1985.

SHAW, Judge:

Appellant Larry Eugene Tate was originally charged in two separate indictments with one count of forgery; however, before trial one of the indictments was amended to include both counts. Before the state presented its evidence, Tate moved to sever the two counts; again after presenting his own evidence, Tate moved for a mistrial based on misjoinder of the counts. The circuit court denied these motions. We reverse and remand for separate trials.

The dispositive issue in this appeal is whether trying a defendant at once for two identical but unrelated felonies violates his right to a fair trial.

Tate was first indicted for forging a check in February of 1980. Alfred Leon Rollerson, the proprietor of a liquor store in Sumter, testified Tate brought a companion into the store and falsely identified her as the payee of a $201.20 government check. Tate was later indicted for forging a check on May 30, 1980. Rodene Davis Jones, the clerk of another liquor store in Sumter, testified Tate falsely identified himself as the payee of an $88 government check.

In *City of Greenville v. Chapman,* 210 S. C. 157, 41 S. E. (2d) 865, 867 (1947), the Supreme Court held different misdemeanors can be joined in the same indictment and tried together where they (1) "aris[e] out of a single chain of circumstances," (2) "are proved by the same evidence," (3) "are of the same general nature," and (4) no "real right of the defendant has been jeopardized." In this case the offenses are of the same nature, but they are not misdemeanors, do not arise out of a single chain of circumstances, and are not provable by the same evidence. We hold joinder in this case would be prejudicial.

The offenses do not arise out of a single chain of circumstances because they are not "in substance a single ... course of conduct" or "connected transactions." *City of Greenville,* 41 S. E. (2d) at 867. In *City of Greenville,* the court upheld the denial of a motion to elect . because the defendant was charged with selling adulturated milk to the same distributor for a continuous period. Although all forgeries have elements in common, nothing in this record shows these two forgeries are connected. The offenses are not provable by the same evidence because they are supported by the testimony of different witnesses. In *City of Greenville,* the charges were established by evidence provided by the same witnesses. Finally, joinder would be prejudicial because it is likely the jury would infer criminal disposition based on evidence of one forgery and on that basis alone find Tate guilty of another forgery. *See Drew v. United States,* 331 F. (2d) 85, 89-90 (4th Cir. 1964). The circuit court based its finding that prejudice would be minimal on the observation evidence of one of two forgeries is admissi-

ble in a separate trial for the other. We disagree. Admissibility depends on the purpose for which the evidence is sought to be introduced. *See State v. Lyle*, 125 S. C. 406, 118 S. E. 803 (1923); *State v. McClellan*, 283 S. C. 389, 323 S. E. (2d) 772, 774 (1984).

Since we accept Tate's first exception to the actions of the circuit court, it is unnecessary for us to consider his remaining exceptions.

Reversed and remanded.

BELL and CURETON, JJ., concur.