746 S.E.2d 483

**The STATE, Respondent,**

v.

**Richard Burton BEEKMAN, Appellant.**

**Appellate Case No. 2011–196688.**

**No. 5145.**

Court of Appeals of South Carolina.

Heard May 8, 2013.

Decided June 26, 2013.

Rehearing Denied Aug. 22, 2013.

Appellate Defender Dayne C. Phillips, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina J. Catoe, both of Columbia, for Respondent.

HUFF, J.

Appellant, Richard Burton Beekman, was convicted of criminal sexual conduct (CSC) with a minor in the first degree and lewd act upon a child. On appeal, Beekman contends the trial court erred in: (1) refusing to sever the two charges because they involved two victims, did not arise out of a single chain of circumstances, and were not provable by the same evidence; (2) admitting alleged prior bad act evidence where there was only a general similarity between the prior bad act and the crime and the probative value was outweighed by its prejudicial effect; and (3) failing to grant a new trial where the cumulative effect of trial errors was so prejudicial as to deprive him of a fair trial. We affirm.

## FACTUAL/PROCEDURAL HISTORY

Beekman was indicted for sexual crimes against his two stepchildren, Stepdaughter and Stepson. Specifically, Beekman was charged with commission of a lewd act on Stepdaughter and CSC with a minor in the first degree in regard to Stepson. Stepdaughter testified that one night, when she was twelve years old, she awoke to find Beekman touching her private area with his hand on her bare skin. Stepson, who was eight years old during the time, testified to several instances of inappropriate touching involving Beekman, and an instance where Beekman ultimately sexually penetrated him, which was the basis of the CSC charge. Following submission of the case to the jury, Beekman was found guilty of CSC with a minor in the first degree in regard to Stepson and commission of lewd act upon a child with regard to Stepdaughter. He was sentenced to thirty years for the CSC charge and was given a consecutive sentence of fifteen years for the lewd act charge. This appeal follows.

## ISSUES

1. Whether the trial court erred in refusing to sever Beekman's charges where the alleged sexual abuse involved two victims, the offenses did not arise out of a single chain of circumstances and were not provable by the same evidence,

and Beekman was prejudiced by its improper influential effect on the jury.

2.   Whether the trial court erred in admitting alleged prior bad act evidence where the connection between the prior bad act and the crime was nothing more than a general similarity and the probative value of the evidence was outweighed by its prejudicial effect.

3.   Whether the trial court erred in refusing to grant a new trial where the cumulative effect of the errors was so prejudicial as to deprive Beekman of a fair trial.

## LAW/ANALYSIS

### I.   Motion to Sever

■   Beekman first argues the trial court erred in denying his motion to sever his charges, asserting they involved two different victims, they did not arise out of a single chain of circumstances, they were not provable by the same evidence, and he was prejudiced by the improper consolidation of the charges.   He contends the State would not be able to show a common scheme or plan in a subsequent trial under Rule 404(b), SCRE, because the connection between the prior bad act and the crime requires more than just a general similarity. Additionally, he maintains, even if the evidence of prior bad acts would have been admissible under Rule 404(b), SCRE, its prejudicial effect substantially outweighed any probative value under Rule 403, SCRE, noting in particular the lack of physical evidence.   We disagree.

■   A motion for severance is addressed to the sound discretion of the trial judge, whose ruling will not be disturbed on appeal absent an abuse of that discretion. *State v. Caldwell*, 378 S.C. 268, 277, 662 S.E.2d 474, 479 (Ct.App.2008).   In determining whether the trial court's consolidation of charges was proper, the appellate court considers several factors. *State v. Rice*, 368 S.C. 610, 614, 629 S.E.2d 393, 394 (Ct.App. 2006).

Where the offenses charged in separate indictments are of the same general nature involving connected transactions closely related in kind, place and character, the trial judge has the power, in his discretion, to order the indictments tried together if the defendant's substantive rights would

not be prejudiced. Offenses are considered to be of the same general nature where they are interconnected.

Conversely, offenses which are of the same nature, but which do not arise out of a single chain of circumstances and are not provable by the same evidence may not properly be tried together.

Charges can be joined in the same indictment and tried together where they (1) arise out of a single chain of circumstances; (2) are proved by the same evidence; (3) are of the same general nature; and (4) no real right of the defendant has been prejudiced.

*Id.* at 614–15, 629 S.E.2d at 395 (citations and parentheticals omitted).

Prejudice to a defendant may occur where the defendant is jointly tried on charges resulting in the admission of prior bad act evidence that would have otherwise been inadmissible. *State v. Cutro,* 365 S.C. 366, 374, 618 S.E.2d 890, 894 (2005). South Carolina Rule of Evidence 404(b) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." However, such evidence may be admissible "to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent." Rule 404(b), SCRE; *see also State v. Lyle,* 125 S.C. 406, 416, 118 S.E. 803, 807 (1923) (finding such evidence admissible to show motive, intent, the absence of mistake or accident, the existence of a common scheme or plan, or identity). Additionally, even if prior bad act evidence is found admissible under Rule 404(b), SCRE, the evidence must nonetheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice under Rule 403, SCRE.[1] *State v. Gillian,* 373 S.C. 601, 609, 646 S.E.2d 872, 876 (2007).

Our courts have considered a single chain of circumstances exists when there is " 'in substance a single ... course of conduct' or 'connected transactions' " involved. *State v. Tate,* 286 S.C. 462, 464, 334 S.E.2d 289, 290 (Ct.App.1985); *see City of Greenville v. Chapman,* 210 S.C. 157, 161, 41 S.E.2d 865,

---

1. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." Rule 403, SCRE.

866–67 (1947) (affirming the trial court's determination that, while the various counts could not be deemed as arising out of the same transaction in the narrow sense of that phrase, they did arise out of a series of identical transactions, their respective dates constituting the only difference between them, and noting the phrase "the same transaction" should not be given such a restricted meaning where the warrant was founded upon what was in substance a single criminal course of conduct).

The fact that the indictments involved two different victims did not require severance of the charges. *See Cutro,* 365 S.C. at 369–75, 618 S.E.2d at 891–95 (affirming the trial court's denial of appellant's motion to sever charges involving three victims, where appellant was charged with two counts of homicide by child abuse and one count of assault and battery involving incidents all occurring at different times with different children); *State v. Jones,* 325 S.C. 310, 315, 479 S.E.2d 517, 519–20 (Ct.App.1996) (holding consolidation was proper even though the allegations concerned two different victims, noting the offenses charged were of the same general nature involving allegations of a pattern of sexual abuse involving the two minor victims). Here, the evidence established Beekman embarked upon a series of actions aimed at the sexual abuse of his two prepubescent stepchildren over the course of an eight month period. Thus, we find the two charges against Beekman arose from, in substance, a single course of conduct or connected transactions, and decline to give such a restrictive reading of the phrase "a single chain of circumstances" as asserted by Beekman. Additionally, as noted by the trial court, there was a great overlap of evidence between the two charges, and the two charges were provable by the same evidence.

■ We further find Beekman was not prejudiced by the joinder, because evidence regarding his sexual abuse of each of the stepchildren would have been admissible in separate trials to show a common scheme or plan. "When determining whether evidence is admissible as common scheme or plan, the trial court must analyze the similarities and dissimilarities between the crime charged and the bad act evidence to determine whether there is a close degree of similarity." *State v. Wallace,* 384 S.C. 428, 433, 683 S.E.2d 275, 277–78

(2009). "When the similarities outweigh the dissimilarities, the bad act evidence is admissible under Rule 404(b)." *Id.* at 433, 683 S.E.2d at 278. In determining whether a close degree of similarity exists, some of the factors to consider are: (1) the age of the victims when the abuse occurred; (2) the relationship between the victims and the perpetrator; (3) the location where the abuse occurred; (4) the use of coercion or threats; and (5) the manner of the occurrence, for example, the type of sexual battery. *Id.* at 433–34, 683 S.E.2d at 278. The above list of factors is not an exhaustive list, but is merely set forth for guidance, and other factors may be relevant in determining whether the similarities outweigh the dissimilarities. *Id.*

Here, there are similarities between the acts in regard to Stepdaughter and Stepson, which include Beekman's relationship as stepfather to the victims and the occurrence of each incident of abuse in the family home. Though Stepson was eight years old and Stepdaughter was twelve years old when the abuse occurred, neither child had reached puberty and Stepdaughter was described as being very little with an immature body at that time. We recognize that Stepson reported Beekman's use of threats and coercion while Stepdaughter did not, and the type of sexual battery for which Beekman was ultimately charged was different for the two victims. However, the evidence suggests Beekman's abuse of Stepdaughter was halted by Stepdaughter before he had the opportunity to use threats or coercion and before he could progress from the inappropriate touching involved in the lewd act charge in regard to Stepdaughter to the incident of penetration involved in the CSC charge in regard to Stepson. Notably, Stepson's abuse also started with inappropriate touching. Thus, these factors do not diminish the similarity between the acts. *See id.* at 435, 683 S.E.2d at 278 (finding the fact that victim's abuse was interrupted before it could culminate in intercourse did not diminish the similarity between the incidents). Further, additional similarities are present in this case. The two children are biological siblings; the first instances of abuse involved inappropriate touching with Beekman placing his hand on the unclothed genitalia of the children; Beekman always had a news program on television while he committed the sexual abuse against the victims;

and the incidents all occurred within an eight month period, with evidence suggesting the last abuse of Stepson occurred close to the time of the incident involving Stepdaughter and just prior to her disclosure. Accordingly, we find the sexual abuse of each child would have been admissible in separate trials under the common scheme or plan exception based upon the close degree of similarity between the incidents of abuse.

We further find no error in the trial court's determination that the probative value of the prior bad act evidence outweighed the danger of unfair prejudice to Beekman under Rule 403, SCRE. *See State v. Clasby,* 385 S.C. 148, 158–59, 682 S.E.2d 892, 897–98 (2009) ("Finally, we hold the probative value of this evidence substantially outweighed the danger of unfair prejudice to Clasby. Given there was no physical evidence to corroborate B.C.'s testimony regarding the indicted offenses of CSC with a minor, first degree and lewd act upon a child, we find her testimony of Clasby's sustained illicit conduct was extremely probative to establish the charged criminal sexual conduct underlying the offense of lewd act upon a child.").

In sum, we find the offenses charged in the separate indictments are of the same general nature involving connected transactions closely related in kind, place and character; they arise out of a single chain of circumstances; they are provable by the same evidence; and Beekman's substantive rights have not been prejudiced. *See Cutro,* 365 S.C. at 375, 618 S.E.2d at 895 (holding joinder of indictments for homicide by child abuse of two children and one indictment for assault and battery of a third child was proper where all three offenses were similar in kind, place, and character and fit within the common scheme or plan and motive exceptions under *Lyle* ).

## II. Prior Bad Act Evidence

■ Beekman next contends the trial court erred in admitting alleged prior bad act evidence where the connection between the prior bad act and the crime was nothing more than a general similarity, and the probative value of the evidence was outweighed by its prejudicial effect. He argues his case is distinguishable from *Clasby,* because the alleged

sexual misconduct in *Clasby* was directed at the *same* victim, the alleged incidents in his case did not establish a pattern of sexual abuse, and there was not a close degree of similarity between the crimes charged in his case since one involved touching the outside of a female's vagina and the other involved male anal penetration. Beekman contends the facts of his case mirror the facts of this court's opinion in *State v. Tutton*, 354 S.C. 319, 580 S.E.2d 186 (Ct.App.2003). He further argues the probative value of the prior bad act evidence did not substantially outweigh the danger of unfair prejudice to him where there was no physical evidence to support Stepdaughter's and Stepson's allegations, Stepson's rectal exam was normal and showed no signs of penetration, and Stepson did not claim the sexual abuse until he learned of Stepdaughter's sexual abuse allegation.

In making this argument on appeal, Beekman cites only to arguments raised at trial concerning the admissibility of bad act evidence in regard to Stepson, i.e., alleged inappropriate touching of Stepson evidence. He does not reference any arguments at trial concerning admissibility of Stepdaughter's allegations as prior bad act evidence. This is likely so because Beekman did not specifically object to evidence concerning Stepdaughter's allegations on the basis that it was inadmissible as prior bad act evidence. He only made a trial objection to Stepson's allegations of inappropriate touching on the basis that it constituted prior bad act evidence. Yet Beekman's arguments on appeal of this issue all reflect a challenge to admission of prior bad act evidence relating to the two siblings, which ultimately came in as a result of joinder of the trials.

■ Because Beekman's only objection at trial on the basis that it was prior bad act evidence related to evidence of prior inappropriate touchings of Stepson, his argument on appeal that the substantive evidence surrounding the charges as to Stepdaughter and Stepson were inadmissible in the joint trial as they did not fall within an exception allowing prior bad act evidence is not preserved for our review.[2] *See State v.*

---

2. Anticipating the introduction of the forensic interview video of Stepson, Beekman objected to two portions of the video, one portion relating to Stepdaughter and another regarding prior inappropriate

*McKnight,* 352 S.C. 635, 646, 576 S.E.2d 168, 174 (2003) (noting an issue must be raised to and ruled upon by trial court to be preserved for appellate review). Further, Beekman does not challenge on appeal the trial court's determination that the evidence concerning the alleged inappropriate touching of Stepson by Beekman was admissible. Thus, the propriety of admitting the prior bad act evidence as to Stepson is the law of the case. *See State v. Fripp,* 396 S.C. 434, 441, 721 S.E.2d 465, 468 (Ct.App.2012) (noting an appellant's failure to challenge the trial court's ruling in the appellate brief renders the unchallenged ruling the law of the case).

At any rate, even assuming Beekman's argument is properly preserved for our review, we have already determined the evidence of allegations concerning Stepdaughter and Stepson was admissible under the common scheme or plan exception of Rule 404(b), SCRE, and *Lyle* based upon the similarities surrounding the charges. Beekman's reliance on *Tutton* does not change that analysis. *See Wallace,* 384 S.C. at 434 n. 5, 683 S.E.2d at 278 n. 5 (stating, in regard to the close degree of similarity required, as follows: "The Court of Appeals relied on *State v. Tutton,* 354 S.C. 319, 580 S.E.2d 186 (Ct.App.2003), which appears to require a connection beyond a degree of similarity in the details of the crime charged and the bad act evidence. We find this interpretation to be an overly restrictive view of our case law. Requiring a 'connection' between the crime charged and the bad act evidence is simply a requirement that the two be factually similar and does not add an additional layer of analysis."); *see also Clasby,* 385 S.C. at 158 n. 2, 682 S.E.2d at 897 n. 2 (noting this court's holding in *Tutton* "was called into question by the majority opinion in *Wallace* on the ground the analysis constituted an overly restrictive view of our case law"). Further, assuming Beek-

---

touchings of Stepson. In regard to Stepdaughter, Beekman argued Stepson's interview included allusions to inappropriate touching or bad acts that were done by Beekman to Stepdaughter. While Beekman used the term "bad acts," he only argued the evidence in Stepson's video regarding what transpired between Beekman and Stepdaughter should be excluded because Stepson had no independent knowledge, the evidence could only be hearsay, and it would result in bolstering. He never challenged these portions of Stepson's video regarding Stepdaughter based upon the improper admission of bad act evidence pursuant to Rule 404(b), SCRE, or *Lyle.*

man has properly challenged on appeal the trial court's ruling concerning the admissibility of evidence of prior inappropriate touching of Stepson, we would nonetheless affirm on the merits. *Id.* at 156, 682 S.E.2d at 896 (holding the trial court properly admitted the proffered evidence of four incidents of uncharged sexual misconduct committed by Clasby on victim prior to the offenses for which Clasby was indicted and tried, where each of the incidents established a pattern of escalating abuse which ultimately culminated in Clasby's digital penetration of victim, the offense for which Clasby was tried).

## III. Cumulative Errors

█ Finally, Beekman argues on appeal that the trial court erred in refusing to grant him a new trial, where the cumulative effect of the errors was so prejudicial as to deprive him of a fair trial. He contends, even if this court finds the two previous errors do not require reversal, the cumulative effect of those errors in light of the State's improper comments and arguments was so prejudicial as to deprive him of a fair trial. He specifically argues, in addition to defense counsel's sustained objections,[3] three notable instances where he claims the State prejudiced his right to a fair trial.

We do not believe this issue is preserved for our review. Beekman never specifically raised the cumulative errors doctrine to the trial court, nor did he even argue that he was entitled to a new trial based upon errors made during the trial. Rather, he argued for a new trial solely on the basis that the evidence did not substantiate the verdict. *See State v. Covert,* 368 S.C. 188, 214, 628 S.E.2d 482, 496 (Ct.App.2006), *majority aff'd as modified,* 382 S.C. 205, 675 S.E.2d 740 (2009) (wherein the dissent, addressing the issue not reached by the majority based upon reversal on other grounds, found Covert's argument that a cumulative effect of errors required reversal of his conviction was not preserved for appeal, even assuming the presence of errors, as the issue was neither raised to nor ruled on by the trial court); *cf. Wells v. Halyard,* 341 S.C. 234, 240, 533 S.E.2d 341, 344 (Ct.App.2000) (holding, in medical malpractice action, issue of whether cumulative effect of al-

---

3. Beekman does not elaborate on the "sustained objections" to which he is referring.

leged errors in jury instructions justified new trial was preserved for appeal where appellant made a motion for new trial asserting several errors regarding the jury instructions, objected to each alleged error separately during the charge and recharge, and objected to errors as a whole during the motion for a new trial); *see also State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (holding argument advanced on appeal was not raised and ruled on below and therefore was not preserved for review); *State v. Benton*, 338 S.C. 151, 157, 526 S.E.2d 228, 231 (2000) (noting a defendant may not argue one ground below and another on appeal).

Even assuming the issue is preserved, we nonetheless find no merit to the argument, as we find no error on the part of the trial court. The cumulative error doctrine provides relief to a party when a combination of errors, insignificant by themselves, has the effect of preventing the party from receiving a fair trial, and the cumulative effect of the errors affects the outcome of the trial. *State v. Johnson*, 334 S.C. 78, 93, 512 S.E.2d 795, 803 (1999). An appellant must demonstrate more than error in order to qualify for reversal pursuant to the cumulative error doctrine; rather, he must show the errors adversely affected his right to a fair trial to qualify for reversal on this ground. *Id.*

Here, we have already found no errors in regard to the first two issues raised by Beekman on appeal. In regard to the other three specific instances he references under his cumulative error argument, we find no error on the part of the trial court, because no prejudicial evidence was admitted in one instance and no further motion was made or objection asserted on that matter, and because the alleged errors were not brought to the trial court's attention in the other two instances. *See State v. Price*, 368 S.C. 494, 500, 629 S.E.2d 363, 366 (2006) (recognizing axiomatic rule that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review); *State v. Hoffman*, 312 S.C. 386, 393, 440 S.E.2d 869, 873 (1994) ("A contemporaneous objection is required to properly preserve an error for appellate review."); *State v. Richardson*, 358 S.C. 586, 597, 595 S.E.2d 858, 863–64 (Ct.App.2004) (holding issue of whether the trial court erred in permitting the solicitor to make improper and prejudicial

comments to the jury during closing arguments was not properly preserved for our review where appellant failed to make any objection during closing arguments and failed to move for a mistrial on the ground of improper argument); *State v. Benning*, 338 S.C. 59, 63–64, 524 S.E.2d 852, 855 (Ct.App.1999) (finding the mere asking of improper questions was not prejudicial where no evidence was introduced as a result thereof).

In effect, Beekman is asking this court to apply the plain error doctrine by combing the record for unpreserved issues and arguing the cumulative effect of these unpreserved matters deprived him of a fair trial. However, our appellate courts do not apply the plain error rule. *See State v. Sheppard*, 391 S.C. 415, 421, 706 S.E.2d 16, 19 (2011) (noting appellant clearly sought for the appellate court to apply the plain error rule and stating as follows: "This Court, however, has routinely held the plain error rule does not apply in South Carolina state courts. Instead, a party must have a contemporaneous and specific objection to preserve an issue for appellate review. Thus, Sheppard's argument that a judge commits an abuse of discretion by not *ex mero motu* addressing an issue at trial is not supported by our case law. Therefore, because Sheppard has not preserved this issue for review and because this Court does not apply the plain error rule, his argument fails.").

## CONCLUSION

We find no error in the trial court's denial of Beekman's motion for severance. As to the issue concerning prior bad act evidence, we find the issue is not preserved, and to the extent it is intertwined with the motion for severance, the analysis of that issue is dispositive. Finally, we find the cumulative errors argument is likewise unpreserved, and even if it was properly before the court, it fails on the merits based upon our affirmance of Issues I and II and Beekman's failure to raise the issues he argues on appeal to the trial court as to the other errors he asserts.

For the foregoing reasons, Beekman's convictions are

**AFFIRMED.**

WILLIAMS and KONDUROS, JJ., concur.