**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

William Anthony Butts, Appellant.

Appellate Case No. 2011-202347

Appeal From Greenville County,
Robin B. Stilwell, Circuit Court Judge

Unpublished Opinion No. 2014-UP-141
Submitted November 1, 2013 – Filed April 2, 2014

**AFFIRMED**

Frank L. Eppes, of Eppes & Plumblee, PA, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Julie Kate Keeney, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Simmons*, 352 S.C. 342, 350, 573 S.E.2d 856, 860 (Ct. App. 2002) ("A motion for severance is addressed to the sound discretion of the trial

court."); *State v. McGaha*, 404 S.C. 289, 294, 744 S.E.2d 602, 604 (Ct. App. 2013) ("The trial court has discretion in deciding whether to try charges together, and its decision will be reversed only if there is no evidence to support it or it is controlled by an error of law."); *State v. Cutro*, 365 S.C. 366, 374, 618 S.E.2d 890, 894 (2005) ("Generally, when offenses charged in separate indictments are of the same general nature involving connected transactions closely related in kind, place, and character, the trial [court] has the discretion to order the indictments tried together, but only so long as the defendant's substantive rights are not prejudiced." (footnote omitted)); *State v. Tate*, 286 S.C. 462, 464, 334 S.E.2d 289, 290 (Ct. App. 1985) (interpreting a single chain of circumstances to mean "'in substance a single . . . course of conduct' or 'connected transactions.'" (quoting *City of Greenville v. Chapman*, 210 S.C. 157, 160-61, 41 S.E.2d 865, 866-67 (1947))); *State v. Caldwell*, 378 S.C. 268, 278, 662 S.E.2d 474, 480 (Ct. App. 2008) (finding that, although the separate offenses must be proved by the same evidence, "the fact that some additional evidence from the individual victims may be necessary to prove the individual crimes is not fatal to the joinder of the charges"); *State v. Harry*, 321 S.C. 273, 279, 468 S.E.2d 76, 79-80 (Ct. App. 1996) (finding no substantive rights were jeopardized by the consolidation of charges when the trial court "went to great lengths to fully instruct the jury that the [S]tate had the burden of proving each element of each crime"); *Tate*, 286 S.C. at 464, 334 S.E.2d at 290 (finding joinder is prejudicial if "it is likely the jury would infer criminal disposition based on evidence of one [crime] and *on that basis alone* find [the defendant] guilty of another [crime]" (emphasis added)).

**AFFIRMED.**[1]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.