# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Richard Burton Beekman, Petitioner.

Appellate Case No. 2013-002002

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Pickens County
G. Edward Welmaker, Circuit Court Judge

---

Opinion No. 27623
Heard April 22, 2015 – Filed April 13, 2016

---

## AFFIRMED

---

Appellate Defender Laura R. Baer and Carmen V. Ganjehsani, of Richardson Plowden & Robinson, P.A., both of Columbia, and Dayne Phillips, of Lexington; all for Petitioner.

Attorney General Alan M. Wilson and Assistant Attorney General Christina C. Bigelow, both of Columbia, for Respondent.

---

**JUSTICE KITTREDGE**:  Petitioner Richard Burton Beekman was convicted of committing first-degree criminal sexual conduct (CSC) with a minor on his stepson (Stepson) and a lewd act upon a child on his stepdaughter (Stepdaughter).  We granted a writ of certiorari to review the court of appeals' decision affirming the trial court's denial of Beekman's motion to sever the charges.  We affirm.

## I.

In June 2006, Beekman married Mother, who shared joint custody of Stepdaughter and Stepson with her ex-husband.  On July 7, 2008, Stepdaughter reported to Mother that Beekman had sexually abused her.  Mother took Stepdaughter to the children's grandmother's house for the night, and she and Stepson moved there the next day.  At the grandmother's house, Stepson began acting out—scratching his skin, banging his head, hyperventilating, and drawing pictures of Beekman dying.  Eventually, a cousin came over to talk to Stepson, and he disclosed to her that he had also been sexually abused by Beekman.

Beekman was subsequently charged with committing CSC on Stepson and a lewd act on Stepdaughter.  The State sought to prosecute both indictments in a single trial.  Beekman moved to sever the two charges, arguing they did not arise from the same chain of circumstances, would not be proved by the same evidence, and were not of the same general nature.  He further argued he would be substantially prejudiced if the cases were tried jointly.  The trial court denied the motion, finding that the events arose out of the same chain of circumstances and there was a "great overlap of evidence."

The case proceeded to trial.  Stepdaughter testified that on the evening of July 6, 2008,[1] she and Stepson slept on couches in the living room because their rooms were messy.  She stayed up watching the Disney Channel awhile, but eventually fell asleep.  She awoke later in the night to Beekman touching her "private area" beneath her clothes.  The television was still on and the news was playing.  Beekman was startled when Stepdaughter woke up, and he asked if she knew where the remote was.  She threw it at him, and he left the room.  According to Stepdaughter, she told Mother the next night about Beekman touching her, and they immediately moved into her grandmother's house.

---

[1] Stepdaughter was twelve years old at the time.

Stepson also testified that, on two separate occasions within an eight-month period,[2] Beekman touched Stepson's penis while they were watching the news together. On both occasions, Beekman put his hands under Stepson's clothes and touched Stepson's bare skin. Stepson further stated that Beekman anally penetrated him on one occasion while Stepson was in Beekman's room watching the news.

After disclosing the abuse, Stepson was examined by Dr. Nancy Henderson, the head of Greenville Hospital System's section on child abuse and neglect and a physician board-certified in child abuse pediatrics. Dr. Henderson testified that Stepson informed her he had been touched on his genitals and that "someone had put his private part into [Stepson's] bottom." Although his rectal exam was normal and did not uncover any signs of scars or tearing, Dr. Henderson noted that ninety percent of children have normal exams even when there is a history of penetration.

The jury convicted Beekman of both crimes. He was sentenced to thirty years' imprisonment for CSC and fifteen years' imprisonment for the lewd act, to be served consecutively.

Beekman appealed arguing, in part, that the trial court erred in denying his motion to sever the charges. The court of appeals affirmed. *State v. Beekman*, 405 S.C. 225, 746 S.E.2d 483 (Ct. App. 2013). We granted certiorari to review the court of appeals' opinion.

Beekman argues the court of appeals erred in affirming the trial court's denial of his motion to sever the charges because the crimes did not arise out of a single chain of circumstances and were not provable by the same evidence. Further, Beekman argues that trying the charges together unfairly prejudiced him because it allowed the jury to consider evidence the State would have been prevented from presenting in separate trials and likely created the impression in jurors' minds that Beekman had a propensity to sexually abuse children. Therefore, according to Beekman, this Court should reverse his convictions and remand his case for separate trials. For the reasons discussed below, we disagree.

---

[2] During this time, Stepson was eight years old.

## II.

"Charges can be joined in the same indictment and tried together where they (1) arise out of a single chain of circumstances, (2) are proved by the same evidence, (3) are of the same general nature, and (4) no real right of the defendant has been prejudiced." *State v. Tucker*, 324 S.C. 155, 164, 478 S.E.2d 260, 265 (1996) (citing *State v. Tate*, 286 S.C. 462, 464, 334 S.E.2d 289, 290 (Ct. App. 1985)). "A motion for severance is addressed to the trial court and should not be disturbed unless an abuse of discretion is shown." *Id.* (citing *State v. Anderson*, 318 S.C. 395, 398, 458 S.E.2d 56, 57–58 (Ct. App. 1995)).

## III.

First, Beekman asserts the offenses did not arise from a single chain of circumstances. We disagree and, like the court of appeals, reject Beekman's "restrictive reading of the phrase 'a single chain of circumstances.'" *Beekman*, 405 S.C. at 231, 746 S.E.2d at 486. Instead, we agree with the court of appeals that "the two charges against Beekman arose from, in substance, a single course of conduct or connected transactions." *Id.*

In other cases, even though the charges did not arise out of a single, isolated incident, this Court and the court of appeals have allowed joinder when the crimes "involv[ed] connected transactions closely related in kind, place, and character." *State v. Cutro*, 365 S.C. 366, 374, 618 S.E.2d 890, 894 (2005) (footnote and citations omitted); *see, e.g.*, *id.* at 373–75, 618 S.E.2d at 894–95 (finding no abuse of discretion in denying a motion to sever charges involving multiple victims of Shaken Baby Syndrome even though the charges stemmed from separate occurrences); *Tucker*, 324 S.C. at 163–65, 478 S.E.2d at 264–65 (permitting joinder of charges stemming from a multi-day crime spree that included a murder and multiple break-ins); *State v. McGaha*, 404 S.C. 289, 291–99, 744 S.E.2d 602, 603–07 (Ct. App. 2013) (affirming, under facts almost identical to the present case, joinder of CSC with a minor and lewd act upon a child charges arising from the abuse of two sisters who were both abused by an individual in the same manner, in the same place, and during the same time frame); *State v. Jones*, 325 S.C. 310, 314–16, 479 S.E.2d 517, 519–20 (Ct. App. 1996) (finding no abuse of discretion in consolidating child sexual molestation charges, even though the charges concerned two victims, when the offenses "were of the same general nature" and arose from the same "pattern of sexual abuse"); *see also City of Greenville v. Chapman*, 210 S.C. 157, 161–62, 41 S.E.2d 865, 867 (1947) (explaining that courts should avoid

the "inflexible application" of the rule that charges must arise out of the same set of circumstances to warrant joinder and noting that if "it does not appear that any real right of the defendant has been jeopardized, [then] it would be a refinement not demanded by the law or by justice to require in all instances a separate trial").

There can be no dispute that Beekman's molestation of his two stepchildren "involv[ed] connected transactions closely related in kind, place, and character." *Cutro*, 365 S.C. at 374, 618 S.E.2d at 894 (footnote omitted). Specifically, Beekman's victims were siblings and the molestation occurred (1) at the same place—the victims' home; (2) over the same period of time—the eight-month period between November 2007 and July 2008; and (3) with the same modus operandi—Beekman taking advantage of the children's habit of watching television with him. *Cf. Cutro*, 365 S.C. at 374 n.4, 618 S.E.2d at 894 n.4 (finding joinder proper where "the State produced evidence each offense involved the violent shaking of an infant at the [defendant's] home daycare"). Therefore, the same level of interconnectedness of crimes that was sufficient to permit joinder in *Tucker*, *Cutro*, *McGaha*, and *Jones* is present here.

Beekman next argues that the molestation of each child was a distinct crime and that the two charges are not supported by the same evidence. Of course they are distinct crimes, but that in no manner diminishes the glaring similarities in Beekman molesting both of his stepchildren in the same place, over the same time period, and in a similar manner. *Cf. Cutro*, 365 S.C. at 369–75, 618 S.E.2d at 891–95 (affirming the trial court's refusal to sever charges involving multiple victims where the appellant was charged with two counts of homicide by child abuse and one count of assault and battery, each of which involved incidents occurring at different times with different children). Indeed, Beekman acknowledges that testimony from many of the same witnesses would be used to prove both charges.

The fact that the State did not present the exact same testimony to prove the molestation of each stepchild is not dispositive in considering whether joinder of the charges was proper. Beekman advocates for a rule that strictly requires all charges be proved by completely identical evidence, a requirement nowhere to be found in our precedents requiring that the crimes be "proved by the same evidence." *See, e.g.*, *Tucker*, 324 S.C. at 164, 478 S.E.2d at 265 (citing *Tate*, 286 S.C. at 464, 334 S.E.2d at 290) (listing the joinder requirements).

For joinder of related offenses, our appellate courts have recognized that there may be evidence that is relevant to one or more, but not all, of the charges. *Tucker* is such an example. James Neil Tucker committed a murder and robbery; he

subsequently broke into a church and a mobile home while on the run from police. *Id.* at 160–61, 478 S.E.2d at 263. This Court affirmed the denial of Tucker's motion to sever the charges. *Id.* at 163–65, 478 S.E.2d at 264–65. By arguing that the evidence of multiple crimes may not merely overlap but must be wholly identical to warrant consolidation for trial, Beekman ignores the fact that the evidence needed to prove Tucker committed the murder was necessarily different than the evidence needed to prove Tucker broke into the church and mobile home.

## IV.

We affirm the court of appeals in finding no abuse of discretion in the joinder of the charges, for the charges arose out of a single course of conduct, were of the same general nature, and were proved by the same evidence. Further, joinder did not prejudice any of Beekman's substantial rights. *See Tucker*, 324 S.C. at 164, 478 S.E.2d at 265 (citing *Tate*, 286 S.C. at 464, 334 S.E.2d at 290). The decision of the court of appeals is affirmed.

**AFFIRMED.**

**HEARN, J. and Acting Justice Jean H. Toal, concur. PLEICONES, C.J., dissenting in a separate opinion in which BEATTY, J., concurs.**

**CHIEF JUSTICE PLEICONES:**  I respectfully dissent.  I would reverse the Court of Appeals' decision to affirm the denial of Petitioner's motion to sever his charges and remand for further proceedings.

"Charges can be joined in the same indictment and tried together where they (1) arise out of a single chain of circumstances, (2) are proved by the same evidence, (3) are of the same general nature, and (4) no real right of the defendant has been prejudiced."  *State v. Tucker*, 324 S.C. 155, 164, 478 S.E.2d 260, 265 (1996); *State v. Smith*, 322 S.C. 107, 109, 470 S.E.2d 364, 365 (1996) ("Where the offenses charged in separate indictments are of the same general nature involving connected transactions closely related in kind, place and character, the trial judge has the power, in his discretion, to order the indictments tried together if the defendant's substantive rights would not be prejudiced.").  In order for charges to be combined in the same indictment and tried together, all four elements must be met.  *Tucker*, 324 S.C. at 164, 478 S.E.2d at 265.  As explained below, it is my view that the charges did not arise out of a single chain of circumstances and are not provable by the same evidence, and therefore, the Court of Appeals erred in affirming the denial of Petitioner's motion for severance.  *State v. Cutro*, 365 S.C. 366, 618 S.E.2d 890 (2005) (Pleicones, J., dissenting).

Petitioner was tried for one charge of criminal sexual conduct - first (CSC) of his stepson and one charge of lewd act on a minor, his stepdaughter.  Petitioner moved to sever the charges, but his motion was denied by the trial court.  The Court of Appeals affirmed, finding Petitioner "embarked upon a series of actions aimed at the sexual abuse of his two prepubescent stepchildren over the course of an eight month period."  The Court of Appeals found the facts that supported trying the charges in the same trial where: each alleged incident of abuse occurred in the family home; both victims are prepubescent siblings[3]; the alleged abuse began in a similar manner by petitioner placing his hand on the unclothed genitalia of the victims; the news playing on the television during both alleged incidents of abuse; and the alleged incidents occurred during an eight month period.

---

[3] Stepdaughter was twelve years old and stepson was eight years old at the time of the alleged abuse.

As explained in *Tucker*, charges can be joined in the same indictment only when all four elements warranting a combined trial are present. *Id.* In my view, the charges do not arise out of a single chain of circumstances because there is no nexus between the crimes. *Compare State v. Middleton*, 288 S.C. 21, 339 S.E.2d 692 (1986) (reversing the consolidation of charges of murder of one victim on June 9th, murder of a second victim in a similar manner on June 10th, and an attempted robbery on June 11th because the crimes did not arise out of a single chain of circumstances); *with Tucker*, 324 S.C. 155, 478 S.E.2d 260 (holding consolidation of murder, kidnapping, armed robbery, possession of a weapon during a crime, burglary, and larceny charges was proper because the crimes arose during a single chain of circumstances when the burglaries were committed to avoid capture for the crimes related to the murder). In my opinion, the trial court and the Court of Appeals applied an exceedingly broad view of the single chain of circumstances factor. While I recognize that similarities exist, such as the alleged abuse occurred in the same home and the victims are siblings, the alleged lewd act on the stepdaughter of touching her genitals while she was sleeping has no nexus to and does not arise out of the same chain of circumstances as the alleged anal penetration of stepson while watching television.

Additionally, the Court of Appeals erred by summarily concluding that each charge is provable by the same evidence without an analysis of the evidence advanced at trial. Although some testimony would be necessary to prove each charge, such as the testimony of the victims' mother, in my view the evidence necessary to prove each charge is different. For example, the State played a forensic interview of stepson and presented testimony of the doctor that examined stepson as evidence of the CSC charge, and this evidence is not relevant to the alleged lewd act on stepdaughter.

Because all four elements required to join charges in the same trial are not present, it is my opinion that the Court of Appeals erred in affirming the denial of Petitioner's motion to sever. Accordingly, I would find the trial judge abused his discretion in denying the motion to sever the charges, reverse the opinion of the Court of Appeals, and remand for further proceedings.

**BEATTY, J., concurs.**