637 S.E.2d 313

The STATE, Respondent,

v.

Kamell Delshawn EVANS, Appellant.

No. 26220.

Supreme Court of South Carolina.

Heard Oct. 3, 2006.
Decided Nov. 6, 2006.

Chief Attorney Joseph L. Savitz, III, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Melody J. Brown, all of Columbia, and Robert M. Ariail, of Greenville, for Respondent.

Justice PLEICONES:

This is a death penalty case. Kamell Delshawn Evans (Appellant) was convicted of two counts of murder, two counts of possession of weapon during the commission or the attempt to commit a violent crime, two counts of kidnapping, and first-degree burglary. During sentencing, the jury was charged on four aggravating circumstances[1] and three mitigating circumstances.[2] The jury found aggravating circumstances present,

---

1. The aggravating circumstances were: (1) the murder was committed while in the commission of the crime or act of kidnapping; (2) the murder was committed while in the commission of the crime or act of burglary in the first degree; (3) two or more persons were murdered by the defendant pursuant to one act or one scheme or course of conduct; and (4) the murder was of a law enforcement officer during or because of the performance of his official duties. S.C.Code Ann. § 16-3-20(C)(a)(1)(b) and (c),—20(C)(a)(7), and—20(C)(a)(9) (2003). The fourth aggravator applied to only one of the victims, a sheriff's deputy returning home after his shift ended.

2. The mitigating circumstances were: (1) the defendant has no significant history of prior criminal conviction involving the use of violence

and the court imposed a death sentence for both counts of murder. The court also sentenced Appellant to life in prison for the first-degree burglary.[3] This opinion consolidates Appellant's direct appeal and the sentence review required by S.C.Code. Ann. § 16–3–25 (2003). We affirm.

## FACTS

The material facts are undisputed. The victims were the father and brother of the Appellant's ex-girlfriend. On the night of April 1, 2003, Appellant entered the home of the two victims and held them hostage for 4½ hours. Despite negotiations with local police and pleas for the release of the victims by Appellant's friends and family, Appellant shot the two victims in the head, killing them.

Appellant admitted shooting both victims and was convicted on all charges. Appellant did not request any statutory mitigators in addition to the three statutory mitigating circumstances submitted to the jury, and he did not object to any of the jury charges during the sentencing phase.

Appellant now seeks a new sentencing proceeding due to the trial judge's failure to submit to the jury the statutory mitigating factor provided by S.C.Code Ann. § 16–3–20(C)(b)(6): the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired.

## ISSUE

Is Appellant entitled to a new sentencing proceeding because the trial judge failed to *sua sponte* charge the jury on a statutory mitigating circumstance?

---

against another person; (2) the murder was committed while the defendant was under the influence of mental or emotional disturbance; and (3) the age or mentality of the defendant at the time of the crime. S.C.Code Ann. § 16–3–20(C)(b)(1), (2), and (7) (2003).

**3.** No sentences were imposed for the kidnapping and weapon convictions pursuant to S.C.Code Ann. § 16–3–910 (2003) and § 16–23–490(A) (2003).

30

■ Appellant argues the trial judge should have submitted to the jury the mitigator relating to capacity, without regard to whether Appellant made a specific request for that mitigating circumstance at trial. We disagree.

■ The proper procedure for the submission of statutory mitigating circumstances to the jury in the penalty phase of a capital case is found in *State v. Victor*, 300 S.C. 220, 224, 387 S.E.2d 248, 250 (1989):

> Once a trial judge has made an initial determination of which statutory mitigating circumstances are supported by the evidence, the defendant shall be given an opportunity on the record: (1) to waive the submission of those he does not wish considered by the jury; and (2) to request any additional mitigating statutory circumstances supported by the evidence that he wishes submitted to the jury.

Our recent cases have stated that absent a request by counsel to charge a mitigating circumstance at trial, the issue whether the mitigator should have been charged is not preserved for review. *See State v. Humphries*, 325 S.C. 28, 36, 479 S.E.2d 52, 57 (1996); *State v. Vazquez*, 364 S.C. 293, 301, 613 S.E.2d 359, 363 (2005); *State v. Bowman*, 366 S.C. 485, 494, 623 S.E.2d 378, 383 (2005); and *State v. Sapp*, 366 S.C. 283, 621 S.E.2d 883, n. 3 (2005).

Appellant cites *State v. Caldwell*, 300 S.C. 494, 388 S.E.2d 816 (1990), to support his position. In *Caldwell*, we held the trial judge erred by failing to charge the mitigating circumstances found in S.C.Code Ann. § 16–3–20(C)(b)(2), (6), and (7) after evidence was presented of the defendant's mental disorder, even though these mitigating charges were never requested.

*Caldwell*, however, does not support Appellant's position because we reviewed that error *in favorem vitae.*[4]  *Caldwell*, 300 S.C. at 506, 388 S.E.2d at 823. We abolished the doctrine of *in favorem vitae* in *State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991) (Toal, J., concurring). In *Torrence* we

---

4. Meaning literally "in favor of life," the doctrine of *in favorem vitae* allowed us to review the entire record on appeal for legal error and to address those errors even when no objection was made at trial.

stated, "a contemporaneous objection is necessary in all trials beginning after the date of this opinion to properly preserve errors for our direct appellate review." *Torrence*, 305 S.C. at 69, 406 S.E.2d at 328.

Two post-*Torrence* cases have held that when the defendant is intoxicated at the time of the capital crime, the trial judge must submit three statutory mitigating circumstances[5] to the jury. *See State v. Young*, 305 S.C. 380, 409 S.E.2d 352 (1991); *State v. Stone*, 350 S.C. 442, 567 S.E.2d 244 (2002). Recent cases have cited *Stone* as holding that a trial judge is required to charge those intoxication mitigators regardless whether they are requested at trial. *See, e.g., Bowman*, 366 S.C. at 494, 623 S.E.2d at 383 (acknowledging holding of *State v. Stone, supra*, as requiring trial court to submit mitigating circumstances to jury if there is evidence of intoxication, regardless of whether they are requested); *Vazquez*, 364 S.C. at 301, 613 S.E.2d at 363 (same).

We never explicitly stated in *Young, Stone*, or any other intoxication case that statutory mitigating circumstances related to intoxication must be submitted to the jury even if the defendant does not request them.[6] Our intoxication cases have not created an exception to the post-*Torrence* preservation requirements for challenging jury charges during a capital sentencing proceeding.

Although there is some evidence of drinking in the days leading up to the incident, intoxication at the time of murders is not at issue here. Appellant argues that this purported preservation exception in intoxication cases also applies to mitigators stemming from mental disorders. For the reasons previously stated, no such exception exists.

---

**5.** S.C Code Ann. § 16-3-20(C)(b)(2): the murder was committed while the defendant was under the influence of mental or emotional disturbance; (6): the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired; and (7) the age or mentality of the defendant at the time of the crime.

**6.** In fact, the trial judge in *Stone refused* to charge the three statutory mitigating factors associated with intoxication and erroneously informed the jury that intoxication was not a mitigating factor. *Stone*, 350 S.C. at 449–450, 567 S.E.2d at 248.

By failing to make a contemporaneous objection or request for the capacity mitigator, Appellant did not properly preserve this issue for our review. Accordingly, we decline to address whether the evidence supported the submission of the mitigating circumstance of Appellant's capacity.

## PROPORTIONALITY REVIEW

This Court must conduct a proportionality review of Appellant's death sentence based on the record. S.C.Code Ann. § 16–3–25(A) (2003). In conducting the review, we consider similar cases in which the death penalty has been upheld. *See* S.C.Code Ann. § 16–3–25(E).

Appellant's death sentence was not the result of passion, prejudice, or any other arbitrary factor, and the evidence supports the jury's findings of aggravation. *See* S.C.Code Ann. § 16–3–25(C). Further, in relation to sentences in similar cases, Appellant's sentence was neither excessive nor disproportionate to his crime. *See Vazquez, supra* (involving a double murder committed in the course of robbery); *State v. Woomer,* 278 S.C. 468, 299 S.E.2d 317 (1982) (involving murder after a hostage situation); *State v. Shuler,* 353 S.C. 176, 577 S.E.2d 438 (2003) (involving a triple murder committed in the course of burglary); and *State v. Hughey,* 339 S.C. 439, 529 S.E.2d 721 (2000) (involving a double murder committed in the course of burglary).

## CONCLUSION

Appellant's claim that the trial judge should have charged the jury on the statutory mitigating circumstance relating to capacity is not preserved for our review. Finally, the punishment was appropriate to the crime. Appellant's sentence is

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.