THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Michelle Jordan, Appellant,
v.
Cecelia Martin and Lonnie Martin, Respondents.
 
 
 

Appeal From Richland County
 J. Ernest Kinard, Jr., Circuit Court Judge

Unpublished Opinion No. 2007-UP-104
Submitted March 1, 2007  Filed March 6, 2007

DISMISSED

 
 
 
Charles Dennis Aughtry, of Columbia, for Appellant
E. Dale Lang, Jr., of Columbia, for Respondents.
 
 
 

PER CURIAM:    Michelle Jordan appeals the trial courts denial of her motion for a new trial absolute.  Jordan asserts the introduction of evidence concerning insurance coverage entitled her to a new trial under Rules 403 and 411, SCRE.  We find Jordans arguments on appeal are not preserved for our review.
FACTS
On May 14, 2004, Michelle Jordan was involved in a car accident wherein her vehicle was rear-ended by Lonnie Martins vehicle.  As a result of the injuries Jordan suffered in this accident, she brought a personal injury suit against Martin alleging negligence.  
During the trial, Jordan was asked by Martins counsel:  Ms. Jordan, how much time did you spend out at the scene of the accident that day?  Jordan responded in pertinent part:  Then he [police officer] got something in his car and called the insurance company I guess to verify that we both had insurance, so while he was doing that we were standing out there.[1]    
After over an hour of deliberations, the jury foreman returned to the courtroom and submitted six handwritten questions to the trial court.  These six questions included two questions regarding insurance coverage of the parties and whether any bills had already been paid and by whom.  After conferring with the attorneys, the trial court responded by instructing the foreman that there was either no testimony on the issues asked about or that an answer to the question would be irrelevant to the issues involved.  The court further instructed the foreman to decide the case based upon the admitted evidence.  
After almost an additional hour of deliberations, the jury returned a verdict in favor of Jordan and awarded her $713.00 in damages.  Jordan moved for additur seeking an amount between five and ten thousand dollars or a new trial in the alternative, and the court agreed to take the motions under advisement.  In the week following the jury verdict, the court held a hearing to address Jordans motions.  The court denied Jordans motion for a new trial absolute and granted a one thousand dollar additur.[2]  This appeal followed.
LAW/ANALYSIS
Jordan asserts the introduction of evidence concerning insurance coverage entitled her to a new trial under Rules 403 and 411, SCRE.  We find Jordans arguments on appeal are not preserved for our review.
A contemporaneous objection is necessary in all trials beginning after the date of this opinion to properly preserve errors for our direct appellate review.[3]  State v. Evans, 371 S.C. 27, 31, 637 S.E.2d 313, 315 (2006) (quoting State v. Torrence, 305 S.C. 45, 69, 406 S.E.2d 315, 328 (1991)).  A partys failure to object at the time evidence is offered constitutes a waiver of the right to object.  Doe v. S.B.M., 327 S.C. 352, 356, 488 S.E.2d 878, 880 (Ct. App. 1997).  Our courts have held a failure to contemporaneously object to the introduction of evidence claimed to be prejudicial cannot be later bootstrapped by a motion for a mistrial.  State v. Stanley, 365 S.C. 24, 33, 615 S.E.2d 455, 459 (Ct. App. 2005).  Logically flowing from this precedent is the notion that a motion for a new trial cannot cure the failure to contemporaneously object.
After Jordans testimony reflecting insurance coverage, her counsel failed to contemporaneously object.  Jordans counsel further failed to object to the trial courts instruction to the jury after the jury foreman presented questions concerning insurance.  In fact, the record fails to indicate any objection to this testimony by Jordans counsel until after the jury rendered its verdict.  Any argument on appeal based upon Jordans interjection of insurance coverage is not properly preserved for our review.  Since both of Jordans arguments on appeal are based on this issue, we must dismiss this appeal.[4]    
CONCLUSION
We find this appeal is not preserved for our review. Based on the foregoing, Jordans appeal is
 DISMISSED.[5]
ANDERSON, KITTREDGE, and SHORT, JJ., concur.

[1] We note the trial courts order states that Jordan made these unsolicited comments concerning insurance coverage despite a pre-trial instruction from the court not to mention insurance.  Although it does not appear in the record, Martin asserts in his brief that this instruction from the court was prompted by his motion in limine requesting such instruction.   
[2] The granting of this motion allowed for Martin to accept the additur or to request a new trial.  There is nothing in the record to indicate Martins unwillingness to accept the additur.  
[3] We are mindful of the very limited exception to the contemporaneous objection rule carved out in Toyota of Florence v. Lynch, 314 S.C. 257, 442 S.E.2d 611 (1994).  However, in this case, we find neither a vicious, inflammatory argument resulting in clear prejudice nor otherwise extraordinary circumstances which would be necessary to excuse Jordans failure to make a
contemporaneous objection under this exception.
[4] We recognize Martins argument concerning the trial courts failure to include in its order compelling reasons for invading the province of the jury and awarding additur.  Regardless of the merits of this argument, the trial courts decision regarding additur was never appealed by either party.  Jordan appealed only from the denial of her motion for a new trial absolute, and Martin did not appeal.  Therefore, this issue is not properly before this court.
[5] We decide this case without oral argument pursuant to Rule 215, SCACR.