**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Frank Terrance Singleton, III, Appellant.

Appellate Case No. 2014-000598

―――――――――

Appeal From Kershaw County
Robert E. Hood, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2015-UP-220
Submitted April 1, 2015 – Filed May 6, 2015

―――――――――

**AFFIRMED**

―――――――――

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Salley W. Elliott; and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

―――――――――

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 16-3-910 (2003) ("Whoever shall unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away any other person by any means whatsoever without authority of law, except when a minor is seized or taken by his parent, is guilty of a felony and, upon conviction, must be imprisoned for a period not to exceed thirty years unless sentenced for murder as provided in [s]ection 16-3-20."); *State v. Elwell*, 403 S.C. 606, 612, 743 S.E.2d 802, 806 (2013) ("The cardinal rule of statutory construction is a court must ascertain and give effect to the intent of the legislature." (internal quotation marks omitted)); *State v. Landis*, 362 S.C. 97, 102-03, 606 S.E.2d 503, 506 (Ct. App. 2004) ("[A] statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of lawmakers."); *State v. Sweat*, 386 S.C. 339, 351, 688 S.E.2d 569, 575 (2010) ("Courts will reject a statutory interpretation which would lead to a result so plainly absurd that it could not have been intended by the Legislature or would defeat the plain legislative intention."); *State v. Vick*, 384 S.C. 189, 201, 682 S.E.2d 275, 281 (Ct. App. 2009) ("Our courts have long held, where an appellant has been sentenced for murder of a victim, [section 16-3-910] precludes a sentence for kidnapping *of that victim*, and any such sentence should be vacated." (emphasis added)); *State v. Vazquez*, 364 S.C. 293, 302, 613 S.E.2d 359, 363 (2005) (vacating sentences resulting from the kidnapping of two victims because the defendant was also convicted of murdering the victims, but holding "the sentences related to the kidnapping of [two other victims] are proper under" section 16-3-910), *abrogated on other grounds by State v. Evans*, 371 S.C. 27, 637 S.E.2d 313 (2006).

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.