**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Oscar James Small, Jr., Appellant.

Appellate Case No. 2017-001669

———————————

Appeal From Orangeburg County
R. Ferrell Cothran, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2020-UP-240
Submitted June 1, 2020 – Filed August 12, 2020

———————————

**AFFIRMED**

———————————

Elizabeth Anne Franklin-Best, of Elizabeth Franklin-Best, P.C., of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia, and Solicitor David Michael Pascoe, Jr., of Orangeburg, for Respondent.

———————————

**PER CURIAM:**  Oscar James Small, Jr. appeals his convictions of and sentences for criminal sexual conduct (CSC) with a minor in the first degree and exposing another to the HIV virus.  Small contends the trial court erred in holding the

solicitor did not engage in impermissible bolstering of the alleged victim. He further maintains, in spite of defense counsel's failure to make contemporaneous objections, the solicitor's repeated inflammatory arguments to the jury, as well as her improper characterization of "reasonable doubt" during closing argument, warrant reversal. We affirm.

1. As to Small's assertion the trial court erred in holding the solicitor did not engage in impermissible bolstering of Victim's testimony, with the exception of two objections to bolstering raised during Dr. Susan Lamb's testimony, this appellate argument is not preserved for our review. *See State v. Price*, 368 S.C. 494, 500, 629 S.E.2d 363, 366 (2006) (recognizing axiomatic rule that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review); *State v. Hoffman*, 312 S.C. 386, 393, 440 S.E.2d 869, 873 (1994) ("A contemporaneous objection is required to properly preserve an error for appellate review."); *State v. Burton*, 326 S.C. 605, 609, 486 S.E.2d 762, 764 (Ct. App. 1997) ("Failure to object when the evidence is offered constitutes a waiver of the right to object."). *See also State v. Sheppard*, 391 S.C. 415, 421, 706 S.E.2d 16, 19 (2011) (noting our courts have routinely held the plain error rule does not apply in South Carolina state courts, a party must make a contemporaneous and specific objection to preserve an issue for appellate review, and failure to properly object renders an issue unpreserved); *State v. Beekman*, 405 S.C. 225, 238, 746 S.E.2d 483, 490 (Ct. App. 2013) (noting our courts do not apply the plain error rule and, therefore, holding the appellant was not allowed to argue that the cumulative effect of several unpreserved matters deprived him of a fair trial).

In regard to the preserved matters, we find the solicitor's question concerning whether there might be an occasion that a child victim could observe blood on a perpetrator's penis was a proper hypothetical question based upon facts presented during the trial. *See State v. Weaverling*, 337 S.C. 460, 474, 523 S.E.2d 787, 794 (Ct. App. 1999) ("An expert may give an opinion based upon personal observations or in answer to a properly framed hypothetical question that is based on facts supported by the record." (quoting *State v. Evans*, 316 S.C. 303, 311, 450 S.E.2d 47, 52 (1994))). The record indicates Victim described Small's penis as having "black spots on it" in her direct testimony. Additionally, argument of defense counsel indicates that in her forensic interview—which was played for the jury—Victim described her assailant's penis as "red at times." Further, the mere fact that testimony may help explain a victim's testimony does not mean the testimony constitutes improper bolstering. It is only improper as bolstering if it gives an indication the witness considers the victim to be credible. *Chappell v.*

*State*, 429 S.C. 68, 75, 837 S.E.2d 496, 500 (Ct. App. 2019) ("[A]n expert's testimony is not improper bolstering 'when the expert witness gives no indication about the victim's veracity." (quoting *State v. Perry*, 420 S.C. 643, 663, 803 S.E.2d 899, 910 (Ct. App. 2017), *rev'd on other grounds*, 430 S.C. 24, 842 S.E.2d 654 (2020))).

We also find no error in regard to the admission of Dr. Lamb's testimony that Victim's exam was consistent with her behavior "meaning that what she said could have happened." First, the question asked by the solicitor was whether Dr. Lamb was able to make any type of diagnosis in this case. The question did not elicit a response that would necessarily indicate Dr. Lamb placed credibility in Victim. Further, Dr. Lamb's response did not indicate that she believed Victim or that Victim was telling the truth; rather, she simply acknowledged that it was within the realm of possibility that what Victim said happened "*could* have happened." We do not believe (1) this statement directly states an opinion about Victim's credibility, (2) it was for the sole purpose of conveying her opinion about Victim's credibility, or (3) there is no way to interpret this testimony than to mean Dr. Lamb believed Victim was telling the truth. *See id.*, 429 S.C. at 77, 837 S.E.2d at 501 ("[T]he testimony of an independent expert, like the testimony of any witness, is improper bolstering if (1) the witness directly states an opinion about the victim's credibility, (2) the sole purpose of the testimony is to convey the witness's opinion about the victim's credibility, or (3) there is no way to interpret the testimony other than to mean the witness believes the victim is telling the truth."); *id.* at 75, 837 S.E.2d at 500 ("[A]n expert's testimony is not improper bolstering 'when the expert witness gives no indication about the victim's veracity.'" (quoting *Perry*, 420 S.C. at 663, 803 S.E.2d at 910, *rev'd on other grounds*, 430 S.C. 24, 842 S.E.2d 654)). Further, we observe that defense counsel, not the solicitor, admitted Dr. Lamb's report into evidence, which provided in the diagnosis section that Victim was "a six-year-old girl with a clear disclosure of sexual abuse." Additionally, in regard to her diagnosis, defense counsel elicited testimony from Dr. Lamb summarizing that she "[did not] find anything, but [she was] not ruling out the fact that [Victim] may have been sexually abused." Thus, we question whether Small was prejudiced by Dr. Lamb's testimony on direct examination. *State v. White*, 371 S.C. 439, 446, 639 S.E.2d 160, 164 (Ct. App. 2006) ("[A]n error not shown to be prejudicial to the appellant does not constitute grounds for reversal."); *State v. Preslar*, 364 S.C. 466, 473-74, 613 S.E.2d 381, 384 (Ct. App. 2005) ("A court's ruling on the admissibility of evidence will not be reversed on appeal absent an abuse of discretion or the commission of legal error, which results in prejudice to the defendant.").

In conclusion, we find the majority of Small's argument on this matter is not properly preserved for our review, and we find no error in the only preserved "improper bolstering" arguments Small raises on appeal.

2.      Small's next stated issue on appeal is "[w]hether the solicitor's repeated, inflammatory arguments to the jury warrant reversal in the absence of a contemporaneous objection by trial counsel?"  This issue is not preserved for appeal, and is not one the court should reach in the absence of it being properly raised at trial.

Initially we note, though the stated issue on appeal challenges "the solicitor's repeated, inflammatory *arguments*" as requiring reversal, Small cites to some examples of *testimony* elicited to support his assertion, not simply the solicitor's arguments to the jury.  *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal.").

Further, Small argues on appeal that, even in the absence of a contemporaneous objection, "*a new trial motion should be granted* in flagrant cases where a vicious, inflammatory argument results in clear prejudice."  However, there is nothing to indicate Small made a new trial motion.  Further, with the exception of his objection to the testimony from Dr. Lamb concerning whether a child might see blood on a perpetrator's penis (discussed above), not only did Small fail to raise any of these arguments to the trial court, he failed to object to any of the testimony or arguments made by the solicitor of which he now complains.  Because Small failed to raise any inflammatory argument issue to the trial court or make a motion for a new trial on this basis, this issue is not preserved for our review.  *See Toyota of Florence, Inc. v. Lynch*, 314 S.C. 257, 263, 442 S.E.2d 611, 615 (1994) ("[E]ven in the absence of a contemporaneous objection, a *new trial motion* should be granted in flagrant cases where a vicious, inflammatory argument results in clear prejudice." (emphasis added)); *Dial v. Niggel Assocs., Inc.*, 333 S.C. 253, 256-57, 509 S.E.2d 269, 271 (1998) ("*Toyota* sets forth a narrow exception to the general rule that a party must make a contemporaneous objection to improper argument or the objection is waived.  Under *Toyota*, the issue of inflammatory argument must be raised to the trial judge by way of post-trial motion to preserve the issue for appeal."); *State v. Young*, 364 S.C. 476, 494, 613 S.E.2d 386, 395-96 (Ct. App. 2005) (noting flagrant, abhorrent conduct towards a party or witness must be raised to the trial court by way of a post-trial motion and, because the appellant failed to make a contemporaneous objection and did not present the issue during a post-trial motion, the issue was not preserved), *aff'd as modified*, 378 S.C. 101, 661 S.E.2d 387 (2008).

Small also argues on appeal that the cumulative effect of: the solicitor's improper arguments; the eliciting of improper testimony; a golden rule violation; and the solicitor's misrepresentation of the reasonable doubt standard (addressed below) denied him a fair trial such that this court should reverse his conviction and remand for a new trial. However, Small never raised a cumulative effect argument to the trial court. *See Beekman*, 405 S.C. at 236-37, 746 S.E.2d at 489 (finding appellant's cumulative error issue unpreserved for review when he failed to specifically raise the cumulative error doctrine to the trial court or argue that he was entitled to a new trial based upon errors made during the trial); *id.* at 238, 746 S.E.2d at 490 (noting our courts do not apply the plain error rule and, therefore, holding the appellant was not allowed to argue that the cumulative effect of several unpreserved matters deprived him of a fair trial).

We agree with the State that Small is essentially asking us to adopt a plain error rule, which our supreme court has made clear is not applied in our courts. *See Sheppard*, 391 S.C. at 421, 706 S.E.2d at 19 ("This Court . . . has routinely held the plain error rule does not apply in South Carolina state courts. Instead, a party must have a contemporaneous and specific objection to preserve an issue for appellate review."). The proper avenue for relief, if warranted, is through a post-conviction relief action. *See State v. Vazsquez*, 364 S.C. 293, 300 n.3, 613 S.E.2d 359, 362 n.3 (2005) (finding, even if an issue as to a solicitor's argument raised on appeal was troublesome, if no contemporaneous objection was made nor the matter addressed by the trial court, it was not preserved for review but would be proper for review in a post-conviction relief action), *abrogated on other grounds by State v. Evans*, 371 S.C. 27, 637 S.E.2d 313 (2006).

3.      As to Small's assertion that the solicitor's closing argument characterization of "reasonable doubt" warrants reversal in the absence of a contemporaneous objection by defense counsel, we likewise find this issue is not preserved for review. Although defense counsel argued to the jury in his closing argument that the solicitor's description of "reasonable doubt" was improper, he failed to raise any objection to the characterization to the trial court. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge."); *id.* at 142, 587 S.E.2d at 693-94 ("Issues not raised and ruled upon in the trial court will not be considered on appeal."); *Sheppard*, 391 S.C. at 421, 706 S.E.2d at 19 (holding the plain error rule does not apply in South Carolina state courts; rather, a party is required to make a contemporaneous and specific objection to preserve an issue for appellate review).

At any rate, we find this matter distinguishable from the cases relied upon by Small on appeal. In *State v. Liberte*, 336 S.C. 648, 652, 521 S.E.2d 744, 746 (Ct. App. 1999), defense counsel specifically objected to the solicitor's argument on reasonable doubt. Further, *Simmons v. State*, 331 S.C. 333, 336, 503 S.E.2d 164, 165 (1998), was a post-conviction relief case, in which the court considered whether trial counsel was deficient in failing to object to the improper comment. As in *Simmons*, the proper avenue for relief when defense counsel fails to object to such is through post-conviction relief, not direct appeal. *See Vazsquez*, 364 S.C. at 300 n.3, 613 S.E.2d at 362 n.3 (finding, even if an issue as to a solicitor's argument raised on appeal was troublesome, if no contemporaneous objection was made nor the matter addressed by the trial court, it was not preserved for review but would be proper for review in a post-conviction relief action), *abrogated on other grounds by Evans*, 371 S.C. 27, 637 S.E.2d 313. Further, unlike *Liberte* and *Simmons*, viewing the impropriety of the solicitor's argument in the context of the entire record, Small suffered no prejudice. *See Simmons*, 331 S.C. at 338, 503 S.E.2d at 166 ("Improper comments do not automatically require reversal if they are not prejudicial to the defendant."); *id.* ("On appeal, the appellate court will view the alleged impropriety of the solicitor's argument in the context of the entire record, including whether the trial judge's instructions adequately cured the improper argument and whether there is overwhelming evidence of the defendant's guilt."). First, we note the solicitor, in her initial closing argument, properly informed the jury that the jurors were to follow what the trial court instructed on the law, and if she or defense counsel told them something that was contradictory to the law as charged by the trial court, the jury was to ignore it. Second, the trial court gave a thorough instruction on reasonable doubt and the burden of proof that cured any error in the solicitor's mischaracterization. Finally, we note defense counsel was well aware of the improper characterization of reasonable doubt by the solicitor, but chose to point this out to the jury himself rather than making an objection to be ruled upon by the trial court. Thus, there may have been some form of strategy exercised by defense counsel in this regard, which is more properly addressed in a post-conviction relief action.

**AFFIRMED.**[1]

**HUFF, THOMAS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.